[No. 14787.  Department One.  June 21, 1918.]

## SAMSON INVESTMENT COMPANY, *Appellant*, v. THOMPSON FURNITURE COMPANY, *Respondent*.[1]

LANDLORD AND TENANT—LEASE—CANCELLATION — EVIDENCE — SUFFICIENCY. In an action for rent, the evidence sustains findings that the lease was not cancelled but remained in force until the end of the term, where it appeared that a reduction in rent was agreed upon for the first three months of the last year, and upon further oral negotiations, rent at the reduced rate was paid and accepted monthly in full for the rent of each month.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 14, 1917, upon findings in favor of the defendant, in an action for rent, tried to the court.  Affirmed.

*Frank E. Green,* for appellant.

*Roberts, Wilson & Skeel,* for respondent.

PARKER, J.—This action was commenced to recover possession of leased premises and rent therefor for the month of August, 1917.  The defendant having voluntarily vacated the premises at the expiration of the August rental period and before trial of the case, there remains nothing for determination save the question of the defendant's liability for the rent sought to be recovered, the real question being as to whether or not the rent has been paid.  Trial in the superior court without a jury resulted in findings and judgment in favor of the defendant, denying to the plaintiff the relief prayed for, from which it has appealed to this court.

In August, 1914, the parties duly signed and acknowledged a lease contract by which appellant leased to respondent the premises in question for the term of

[1]Reported in 173 Pac. 627.

three years commencing September 1, 1914, at a rental of $350 per month for the first year, $400 per month for the second year, and $450 per month for the third year, which rental respondent agreed to pay. The lease contained, among other provisions, the following:

"It is expressly agreed between said parties that the party of the second part is to expend the sum of four hundred fifty ($450) dollars in putting the said premises in shape for occupancy, which said sum of four hundred fifty ($450) dollars the party of the first part agrees to apply on the last month's rent of said lease."

This, it will be noticed, has reference to the rent for August, 1917, which is here in question. At the commencement of the term, respondent expended more than $450 in compliance with this provision of the lease, which it is concededly entitled to have credited to it against the $450 rent accruing for the month of August, 1917, if the lease remained in force during its entire term, which expired with that month. In the fall of 1915, respondent became convinced that its business was such that it could no longer rent at the rate specified in the lease. It so informed appellant and that it desired to have the lease abrogated and be relieved from its obligation to continue the tenancy. On September 21, 1915, in a letter written by its attorney, it stated to respondent:

". . . without waiving any provisions of the lease as to the future, if you will pay the sum of $350 for the month of September not later than tomorrow, September 22d, and thereafter the sum of $350 not later than on or before the 10th of October, and the sum of $350 not later than on or before the 10th of November, reduction to that extent will be made from the amount you have agreed to pay by virtue of the lease."

This, it will be noticed, was at the beginning of the second year during which the stipulated rent was to

be $400 per month.  Rent was paid and accepted for these three months at the rate of $350.  Near the expiration of this three months' period, respondent again asked that the lease be cancelled, which appellant refused to do, advising respondent that it might continue to pay $350 per month until further notice.  There never was any writing signed by or on behalf of either of the parties touching the question of the cancellation of the lease, other than the letter of appellant's attorney above quoted from.  During the remainder of the stipulated term, respondent continued to pay the rent for each month before the expiration thereof at the rate of $350, each of which payments was accepted by appellant as full payment therefor, except for the month of August, 1917, being the last month of the term, the rent for which respondent claims was paid at the beginning of the term under the provision of the lease above quoted.  During the entire stipulated term, each party retained its duplicate copy of the lease and the tenancy was continuous.  The evidence is in serious conflict touching conversations between the officers and agents of each party with the officers and agents of the other, relating to the claimed cancellation of the lease.  Respondent's officers and agents asserted that they urged the cancellation of the lease to the end that it would be entirely relieved of its obligation to continue the tenancy and the payment of rent thereunder, which appellant always refused to do, except to accept $350 per month in full payment of the stipulated rent. Appellant's officers and agents asserted that, during the second year, they did consent to the cancellation of the lease and treat respondent as a mere month to month tenant, so that it was free to vacate the premises at the end of any month.

In its last analysis, there is nothing here to decide other than the question of fact as to whether or not

the minds of the parties met in an agreement to consider the lease cancelled as claimed by appellant. We have read the evidence with care and are quite convinced that the trial court rightly concluded that the lease remained in full force and effect during the entire stipulated term. It follows that the rent for August, 1917, was paid at the beginning of the term, as provided in the above quoted provision of the lease.

The judgment is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.